**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| Tony Love (#R-45268), | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 18 C 6084** |
| **v.** | ) | |
| | ) | **Judge Rebecca R. Pallmeyer** |
| Stateville Correctional Facility., et al., | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>ORDER</u>

Plaintiff's application for leave to proceed *in forma pauperis* [3] is granted and the initial partial filing fee is waived. The court orders the trust fund officer at Plaintiff's place of incarceration to make monthly deductions in accordance with this order. The Clerk is directed to forward a copy of this order to the trust fund officer at Stateville Correctional Center, where Plaintiff is incarcerated, to facilitate compliance. Plaintiff's motion for attorney representation [4] is granted. The court requests that Paul O. Otubusin of Otubusin & Associates, P.C., 77 West Washington Street, Suite 1204 Chicago, IL,60602, represent Plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37 (N.D. Ill.). Recruited counsel is exempt from the payment of fees for access via PACER to the electronic case files maintained in this court for this case and for all previous cases filed in this court by this plaintiff (09 C 4612, 15 C 5679, and 15 C 5680), but not for fees incurred in connection with other uses of the PACER system in this court. This exemption is valid immediately and for the duration of the attorney's participation in the matter, but may be revoked at the discretion of the court at any time. Mr. Otubusin shall contact the PACER Service Center at 1-800-676 6856 or via the link below to make any necessary arrangements for the waiver. A copy of this order shall be sent to the PACER Service Center at http://www.pacer.psc.uscourts.gov/register.html. A copy of this order shall also be sent to the Systems Department of the Northern District of Illinois. A status hearing is set for November 1, 2018, at 10:00 a.m. Recruited counsel should be prepared to advise the court at the status hearing how much time he will need to investigate Plaintiff's claims and file an amended complaint that comports with his obligations under Federal Rule of Civil Procedure 11. If, after investigation, counsel believes that filing an amended complaint would be inconsistent with Rule 11, he should so inform the court.

## <u>STATEMENT</u>

Plaintiff Tony Love, an inmate confined at Stateville Correctional Center, brings this pro se civil rights action pursuant to 42 U.S.C. § 1983, regarding ongoing inability to obtain mental health treatment at Stateville, including no access to prescribed psych medications, starting on July 20, 2018.

The court finds that Plaintiff is unable to prepay the filing fee. Accordingly, the court grants Plaintiff's motion to proceed *in forma pauperis*. Plaintiff's motion to proceed *in forma pauperis* shows that he has no funds in his trust account, and a prison official has certified that he has had negligible income over the past six months. The court therefore waives the initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(4). The trust fund officer at Plaintiff's place of incarceration is

authorized and ordered to begin collecting monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. *See* 28 U.S.C. § 1915(b)(2). Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. *Id.* The court notes that 28 U.S.C. § 1915(b)(2) requires 20% monthly deductions for each case in which an inmate is proceeding *in forma pauperis. Bruce v. Samuels*, 136 S. Ct. 627, 632-33 (2016). Thus, because Plaintiff has filed four suits on which he owes all or part of the statutory filing fee (09 C 4612, 15 C 5679, 15 C 5680, and the present case), Plaintiff will be required to pay an additional 80% of the preceding month's income each time the amount in his account exceeds $10. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and this case number. The inmate trust account office shall notify transferee authorities of any outstanding balance in the event of Plaintiff's transfer to another correctional facility.

Under 28 U.S.C. §§ 1915(e)(2) and 1915A(a), the court is required to screen pro se prisoners' complaints and dismiss the complaint, or any claims therein, if the court determines that the complaint or claim is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See Jones v. Bock,* 549 U.S. 199, 214 (2007); *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013).

Courts screen prisoner litigation claims in the same manner as ordinary Federal Rule of Civil Procedure 12(b)(6) motions to dismiss. *See Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011). A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. *See Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). The court accepts Plaintiff's well-pleaded facts as true, *Alam v. Miller Brewing Co.,* 709 F.3d 662, 665-66 (7th Cir. 2013), and construes his complaint liberally. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam).

Plaintiff alleges that since being transferred to Stateville Correctional Center on July 20, 2018, he has made multiple attempts to contact medical personnel, but has been unsuccessful. (Dkt. 1, p. 4.) Since July 20, 2018, Plaintiff claims, he has not received his prescriptions for multiple psych medications "for the voices in [his] head," is being held in his cell twenty-four hours a day and is experiencing deteriorating mental health. (*Id.*) Plaintiff also makes a claim for deliberate indifference to a serious mental health condition at Illinois River Correctional Center. (*Id.* at p. 5.)

These allegations, presumed true, state a colorable federal claim for denial of constitutionally adequate mental health care at Stateville. A claim of deliberate indifference to a serious medical condition requires allegations that (1) the prisoner had a "serious medical need" and (2) prison officials were "deliberately indifferent" to that need. *See, e.g., id.*; *Greeno v. Daley*, 414 F.3d 645, 652 (7th Cir. 2005) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). "A medical condition is objectively serious if a physician has diagnosed it as requiring treatment, or the need for treatment would be obvious to a layperson." *Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014). A condition is also objectively serious if a "failure to treat [it] could result in further significant injury

or the unnecessary and wanton infliction of pain." *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008) (citation omitted).

Plaintiff's allegations regarding his ongoing mental health issues adequately describe a serious medical need. *See Calhoun v. Howard*, No. 14 C 2631, 2015 WL 5462221, at *4 (N.D. Ill. Sept. 16, 2015). Plaintiff may proceed on his claim of deliberate indifference, as well as a state law negligence claim against Defendants Pfister and Nicholson.

Summons will not issue at this point, however. "There is no right to court-appointed counsel in federal civil litigation," *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014), but the court has discretion to request that an attorney represent an indigent litigant on a volunteer basis under 28 U.S.C. § 1915(e)(1), and chooses to do so in this case. Legal assistance seems necessary, as this case may require the development of potentially complicated medical evidence, and identification of additional proper Defendants. *See James v. Eli*, 846 F.3d 951, 953 (7th Cir. 2017) (noting that "lawsuits involving complex medical evidence are particularly challenging for *pro se* litigants"); *Perez v. Fenoglio*, 792 F.3d 768, 784-85 (7th Cir. 2015) (encouraging district courts to "consider the severity of the medical condition the inmate has alleged" and the need to develop "complex medical evidence (including expert testimony)" when deciding whether to recruit counsel). Recruited counsel is encouraged to visit the Court's Pro Bono web page at http://www.ilnd.uscourts.gov/Pages.aspx?page=ProBono (case sensitive) for various resources related to pro bono representation. Counsel should enter an appearance by prior to the November 1, 2018 status date. If counsel believes that filing an amended complaint would be inconsistent with his Rule 11 obligations, he should so inform the court.

Plaintiff is advised that recruiting counsel for an unrepresented individual is a privilege. *Pro se* plaintiffs who have the benefit of counsel recruited by the court are "expected, like any clients, to meet their basic obligations as a party to a lawsuit: to communicate with their lawyers and to cooperate with the discovery and case management process." *Dupree v. Hardy*, 859 F.3d 458, 462 (7th Cir. 2017). Thus, Plaintiff must listen carefully to counsel's advice and be mindful, as any paying client would be, of counsel's workload, time, and effort. Plaintiff is further advised that if counsel is allowed to withdraw at Plaintiff's request or because the attorney-client relationship is unproductive, there is no guarantee the court will recruit substitute counsel.

ENTER:

Date: October 9, 2018

_____
REBECCA R. PALLMEYER
United States District Judge

3